

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **COLBERT NICHOLAS MATTHEWS,** | ) | **CASE NO. 7:13CV00603** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| **FOOD SERVICE,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant.** | ) | |

Colbert Nicholas Matthews, a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against "FOOD SERVICE" at the Southwest Virginia Regional Jail ("the jail"), where he is incarcerated. Matthews alleges that since he alerted the jail's food service department about his allergy to turkey meat, whenever the regular menu calls for turkey, he receives vegetables or cheese instead of a different meat product. Upon review of the record, the court finds that the action must be summarily dismissed.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the United States Constitution or laws and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

The jail's food service department is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake

Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983). Because Matthews thus cannot prevail in a § 1983 claim against the only defendant he has named in this action, the court dismisses his complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[1] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of January, 2014.

/s/ Glen Conrad
Chief United States District Judge

---

[1] The court also finds that Matthews' current allegations fail to state a constitutionally significant claim against anyone at the jail. Matthews does not indicate that he has suffered any ill effects whatsoever from the meals provided to him at the jail. See, e.g., Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995) (finding that § 1983 claim regarding jail conditions requires "evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or evidence of "a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions").